IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 05-AP-00596-LTB

MICHAEL E. GORRONO,

      Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

      Defendant.

_____

ORDER

_____

Plaintiff Michael E. Gorrono appeals Defendant's (the "Commissioner") final

administrative decision denying his claim for disability insurance benefits under the Social Security

Act (the "Act").  Jurisdiction in this appeal is proper pursuant to  42 U.S.C. § 405(g).  Oral

argument would not materially assist in the determination of this appeal.  After consideration of

the briefs and the record, I reverse the Commissioner's decision and remand the case for further

proceedings as set forth below.

**I. Statement of the Case**

Plaintiff applied for disability insurance benefits on August 30, 2002.  Following the initial

denial of benefits, a hearing was held before an administrative law judge (the "ALJ") on July 8,

2004.  On August 26, 2004, the ALJ issued a decision finding that Plaintiff was not disabled

within the meaning of the Act.  Plaintiff sought review of the ALJ's decision by the Appeals

Council.  The Appeals Council found that there was no basis to change the ALJ's decision,

thereby rendering this decision the Commissioner's final decision for purposes of my review.

Plaintiff  timely filed this appeal seeking review of the Commissioner's final decision.

## II.  Statement of Facts

Plaintiff was born on April 19, 1962, making him 42 years old at the time of the

Commissioner's decision.  Administrative Record ("AR") 18 & 153.  Plaintiff is a high school

graduate (AR 89) who has worked in the past as a cable installer, tree trimmer, gas installer,

bartender, and survey helper.  AR 84, 96.  While working as a cable installer in January of 2001,

Plaintiff sustained injuries to his right shoulder and cervical spine.  AR 153.   As a result of these

injuries, Plaintiff alleges that he became disabled on March 3, 2001.  AR 153.

Ons March 7, 2001, Michael L. Griffith, M.D., a neurosurgeon, diagnosed Plaintiff with

C-7 radiculopathy, large herniations at C5-6 and C6-7, and right shoulder injury.  AR 223.  On

March 12, 2001, Dr. Griffith performed neck fusion surgery on Plaintiff.  AR 130-33.  Plaintiff

continued to complain of neck pain following this surgery.  Consequently, Dr. Griffith performed

a second surgery on Plaintiff's neck on November 2, 2001.  AR 161-63.  Plaintiff developed an

infection as a complication of this surgery which necessitated an additional surgery.  AR 172.  In a

follow-up visit in April of 2002, Dr. Griffith recommended that Plaintiff not return to his previous

"active heavy work" and consider applying for long term disability since it did not seem that he

would be able to do so in the foreseeable future.  AR 214-15.

Dr. Griffith continued to see Plaintiff over the next year and noted that Plaintiff continued

to suffer from neck and back pain.  AR 213 & 332.  Ultimately, Dr. Griffith completed a medical

source statement form wherein he opined, among other things, that Plaintiff's neck and back pain

would limit him to working a maximum of 3-4 hours per day doing limited tasks and would render

him unable to work 3-5 days per month.  AR 384-5.  William Gattis, M.D., a family practice

physician who treated Plaintiff for headaches, neck and shoulder pain, and depression through March of 2004 (AR 356-78) , concurred with Dr. Griffith's opinions regarding Plaintiff's limitations.  AR 385.

Plaintiff's shoulder injury was treated by Anthony Richards, M.D.  Dr. Richards performed diagnostic surgery on Plaintiff's right shoulder in May of 2001.  AR 144-45.   This surgery revealed that Plaintiff was suffering from right shoulder impingement syndrome and a partial rotator cuff tear.  AR 144.  Dr. Richards recommended that Plaintiff's right shoulder be treated with a strengthening program as opposed to surgery.  AR 145.  Although Plaintiff continued to complain of right shoulder pain over the next several months, Dr. Richards was unable to find an objective cause for Plaintiff's subjective complaints of pain.  AR 146.

Plaintiff also sought treatment for headaches and depression arising out of his work-related injuries.  Richard Gingery, M. D., who treated Plaintiff for his headaches beginning in December of 2001, opined that Plaintiff was totally and permanently disabled and unable to return to work for the foreseeable future.  AR 916.  Likewise, David Good, M.D., who treated Plaintiff for depression beginning in March of 2002, stated that he had been unable to stabilize Plaintiff's depression and did not feel that Plaintiff was capable of working for the foreseeable future.  AR 232.  In August of 2004, however, Dr. Good concluded that Plaintiff's depression was in remission and under control with prescribed medications.  AR 380.  Dr. Good also completed a mental ability assessment form on which he assigned Plaintiff a GAF of 45, suggesting serious symptoms and/or limitations, and indicated that Plaintiff has a marked impairment performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances.  AR 288-91.

3

Plaintiff's limitations were also assessed by other medical care providers in connection with his claims for social security and workers' compensation benefits.  In general, these individuals concluded that Plaintiff had some restrictions but was capable of performing lighter work than that which he had been doing prior to his injuries.  AR 224-31, 292-303, 233-36, 241-54 & 306-27.

Following the ALJ's decision, Plaintiff received a favorable ruling on his workers' compensation claim.  Specifically, the administrative law judge in that matter found that Plaintiff was entitled to permanent total disability payments.  AR 391.  In reaching this conclusion, this administrative law judge found that Plaintiff's treating physicians were credible while the independent medical examiners retained by Plaintiff's former employer were not.  AR 391.  Plaintiff submitted the findings and conclusions regarding his workers' compensation claim to the Appeals Council as additional evidence to support his claim for disability insurance benefits.

### III.  Standard of Review

In reviewing the Commissioner's decision I determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1992); *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Hamilton, supra,* 961 F.2d at 1498.  I "may neither reweigh the evidence nor substitute [my] discretion for that of the Administrative Law Judge."  *Kelley v. Chater,* 62 F.3d 335, 337 (10th Cir. 1995).  Where evidence as a whole can support either the Commissioner's decision or an award of benefits, the Commissioner's decision must be affirmed.  *See Ellison v.*

*Sullivan,* 99 F.2d 534, 536 (10th Cir. 1990).

## IV.  Analysis

Plaintiff raises the following issues on appeal: (1) that the ALJ erred in giving "significant weight" to the opinions of non-treating physicians found not to be credible by the ALJ who decided Plaintiff's worker's compensation claim; (2) that the ALJ erred in not giving controlling weight to those opinions of Plaintiff's treating physicians that did not support her finding of no disability; (3) that the ALJ erred in disregarding substantial medical evidence in assessing Plaintiff's credibility; and (4) that the ALJ erred in assessing Plaintiff's residual functional capacity ("RFC").  I will address each of these issues in turn.

## A.  The Opinions of Non-Treating Physicians

Plaintiff argues that the ALJ erred in giving significant weight to the opinions of Drs. Shaw and Kleinman, both of whom were independent medical examiners retained by Plaintiff's former employer who concluded that Plaintiff was capable of working at some level.  In support of this argument, Plaintiff points to the finding by the administrative law judge deciding Plaintiff's workers' compensation claim that the opinions of these physicians were not credible.     The Appeals Council considered the additional evidence that Plaintiff submitted regarding Plaintiff's workers' compensation claim but concluded that it did not provide a basis for changing the ALJ's decision.  AR 5.  This conclusion may or may not have been in error.  The question of whether the findings relating to Plaintiff's workers' compensation claim impacted those made in this case, however, should have been determined by the ALJ.  "Although findings by other agencies are not binding on the [Commissioner], they are entitled to weight and must be considered."  *Baca v. Dep't. of Health and Human Services,* 5F.3d 476, 480 (10th Cir. 1993) (quoting *Fowler v.*

*Califano,* 596 F.2d 600, 603 (3d Cir. 1979)).  Accordingly, on remand, the ALJ must consider the

findings made with respect to Plaintiff's worker's compensation claim regarding the credibility of

Drs. Shaw and Kleinman and revise her findings accordingly, if appropriate.

**B.  The Opinions of Plaintiff's Treating Physicians**

Plaintiff argues that the ALJ erred in failing to give controlling weight to all of the

opinions of his treating physicians.  Specifically, Plaintiff argues that the ALJ erred in giving little

weight to opinions of Drs. Griffith and Gattis that Plaintiff would be limited to working a

maximum of 3-4 hours per day; would be unable to work 3-5 days per month; and would have

difficulty concentrating and focusing on work tasks (AR 24-5 & 384-5) and to the opinion of Dr.

Good that Plaintiff would have a marked limitation maintaining a schedule.  I disagree.

An administrative law judge must give controlling weight to the opinions of treating

physicians if they are well supported by clinical and diagnostic techniques and not inconsistent

with other substantial evidence in the record.  20 C.F.R. § 404.1527(d)(2).  Here, the opinions of

Drs. Good and Gattis to which the ALJ did not give significant weight were based on Plaintiff's

subjective complaints of pain.  As such, these opinions lacked the medical foundation necessary

for them to be entitled to controlling weight.  Likewise, Drs. Good's opinion that Plaintiff would

have a marked limitation maintaining a schedule is seemingly inconsistent with his

contemporaneous opinion that Plaintiff's depression was in remission and under good control (AR

380) and therefore not entitled to controlling weight.  On remand, however, the ALJ must also

consider the finding by the administrative law judge deciding Plaintiff's workers' compensation

claim regarding the credibility of these physicians (AR 390 - 1) and revise her findings

accordingly, if appropriate.

## C.  Plaintiff' Credibility

Plaintiff argues that the ALJ erred in concluding that Plaintiff's complaints of pain were not fully credible since his complaints are consistent with substantial medical evidence.  I disagree.

In her decision, the ALJ discussed the basis for her discounting Plaintiff's credibility at length.  Among other things, the ALJ based her assessment of Plaintiff's credibility on his testimony that he was not taking any prescription pain medication and on various medical records that called into question the pain and other symptoms that Plaintiff claimed to be experiencing.  AR 24-5.  Some of the medical records the ALJ relied on in assessing Plaintiff's credibility were provided by Plaintiff's treating physicians.  AR 146, 357 & 380.

Normally, I must defer to the ALJ on matters involving the credibility of witnesses. *Hamilton*, *supra*, 961 F.2d at 1499.  I find no reason to deviate from this deferential standard in light of the specific and legitimate reasons that the ALJ gave for her determination that Plaintiff was not entirely credible regarding his complaints of pain and other symptoms.  Again, however, the ALJ must reconsider her findings regarding Plaintiff's credibility in light of the decision on Plaintiff's workers' compensation claim and revise these findings accordingly, if appropriate.

## D.  The ALJ's Assessment of Plaintiff's RFC

Plaintiff argues that the ALJ's purported errors as previously discussed in this Order further resulted in an erroneous assessment of Plaintiff's RFC.  I have already concluded that the ALJ's treatment of the opinions of various medical care providers and assessment of Plaintiff's credibility were not in error but subject to review.  I therefore likewise conclude that the ALJ's assessment of Plaintiff's RFC was not in error but subject to review in light of the findings made in connection with Plaintiff's worker's compensation claim.  Accordingly, on remand, the ALJ

must reconsider her assessment of Plaintiff's RFC based on these findings and revise it

accordingly, if appropriate.

Accordingly, IT IS ORDERED that

1. The Commissioner's decision is REVERSED; and

2. The case is remanded to the Commissioner with direction to remand it to the ALJ for

further proceedings consistent with this Order.


Dated: February ___22___, 2006 in Denver, Colorado.


BY THE COURT:


s/Lewis T. Babcock

LEWIS T. BABCOCK, CHIEF JUDGE


8